```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF TEXAS
                     DALLAS DIVISION

EVANSTON INSURANCE COMPANY,      §
                                 §
                                 §
                 Plaintiff,      §
                                 §  Civil Action No. 3:09-CV-0894-D
VS.                              §
                                 §
TONMAR, L.P., et al.,            §
                                 §
                 Defendants.     §
```

MEMORANDUM OPINION
AND ORDER

In this insurance coverage dispute, the court must decide whether it has subject matter jurisdiction and, if so, whether it should abstain under *Brillhart v. Excess Insurance Co. of America*, 316 U.S. 491 (1942), from adjudicating an insurer's declaratory judgment action. The court must also decide whether the insurer can state a breach of contract claim under Texas law for breach of a cooperation clause in an insurance contract. Concluding that it has subject matter jurisdiction, the court dismisses the insurer's breach of contract claim on the merits and dismisses the insurer's declaratory judgment action without prejudice based on *Brillhart* abstention.

I

This is an action by plaintiff Evanston Insurance Company ("Evanston") against defendants Tonmar, L.P. ("Tonmar"), TFMF LLC ("TFMF"), Anthony T. Fertitta ("Anthony"), Mary E. Fertitta ("Mary") (collectively, the "Tonmar Parties"), and Jerry Wayne Hitchcock ("Hitchcock") seeking a declaratory judgment that

Evanston has no duty to defend or indemnify the Tonmar Parties and no duty to pay Hitchcock under a commercial general liability insurance policy (the "Policy"). Evanston also sues the Tonmar Parties for breach of contract. Tonmar is the insured under the Policy.[1]

Hitchcock fell through a skylight and sustained injuries while assisting Anthony with tree-trimming on the roof of a warehouse that Mary owned. Hitchcock alleges——and Evanston disputes——that these injuries are covered by the Policy. Hitchcock maintains that he is covered under two different sections of the Policy: Coverage A and Coverage C. Coverage A applies to bodily injury judgments against Tonmar, and Coverage C applies, in relevant part, to medical payments due to accidents on premises owned by Tonmar or "because of" Tonmar's operations. There are also exclusions under the Policy that Evanston argues apply to Hitchcock, including one for "employees."

In September 2007 Hitchcock sued Evanston directly in Texas county court for $1,000 plus interest (the policy limits under Coverage C), alleging that he is a beneficiary under the Policy. *Hitchcock v. Evanston Ins. Co.*, No. CC-07-12823-B (County Court at Law No. 2, Dallas County, Tex.) (the "County Court Lawsuit"). The trial was originally set for September 2008. In July 2008 Evanston

---

[1] The Fertittas are members of TFMF. TFMF is the sole general partner of Tonmar. The Fertittas are Tonmar's limited partners.

filed a third-party action in the County Court Lawsuit against the Tonmar Parties. Evanston alleged that the Fertittas were colluding with Hitchcock in the production of an affidavit by Anthony ("Anthony's affidavit") that Evanston asserted breached the Policy's cooperation clause. Anthony's affidavit included statements that Evanston argues amounted to an admission of liability. The Fertittas deny any collusion. Evanston sought in the County Court Lawsuit a judgment declaring that Hitchcock is not a Policy beneficiary, that Tonmar is not liable for Hitchcock's injury, that TFMF and the Fertittas are not insureds under the Policy, and that Tonmar is no longer covered under the Policy because of the breach of the Policy's cooperation clause. The Fertittas counterclaimed against Evanston, alleging violations of the Texas Insurance Code and the Texas Deceptive Trade Practices-Consumer Protection Act, and breach of the common law duty of good faith and fair dealing. In February 2009 they amended the counterclaim to seek $150,000 in damages. The Fertittas also brought in additional defendants. Trial was reset to May 18, 2009, but was again stayed.

In April 2009 Hitchcock sued the Tonmar Parties in Texas district court for $1 million, alleging claims for negligence and for the maintenance of defective premises. *Hitchcock v. Tonmar, L.P.*, No. 09-03969 (14th Dist. Court, Dallas County, Tex.) (the "District Court Lawsuit").

- 3 -

In May 2009 Evanston filed the instant lawsuit seeking a declaratory judgment that it has no duty to indemnify or defend the Tonmar Parties in the County Court Lawsuit and the District Court Lawsuit and no duty to pay Hitchcock, either under the Policy or for any judgments arising out of the District Court Lawsuit. Evanston also sues the Tonmar Parties for breach of contract due to the alleged breach of the duty to cooperate.

The Tonmar Parties move to dismiss under the federal abstention doctrine and under Fed. R. Civ. P. 12(b)(6) for failure to state a breach of contract claim upon which relief can be granted. They also move for sanctions under 28 U.S.C. § 1927.[2] In a separate motion, Hitchcock moves to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction and for lack of a justiciable controversy, and under Rule 12(b)(6) for failure to state a breach of contract claim.

II

The court turns first to Hitchcock's Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam) ("When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the

---

[2]Also pending are the Tonmar Parties' motion for leave to amend and for joinder of additional parties and Evanston's motion for summary judgment. The court need not decide these motions.

- 4 -

merits.").

A

"Federal courts are courts of limited jurisdiction and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). The court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "It is incumbent on all federal courts to dismiss an action whenever it appears that subject matter jurisdiction is lacking." *Stockman*, 138 F.3d at 151. Under Rule 12(b)(1), the district court can dismiss for lack of subject matter jurisdiction on the basis of the complaint alone. *See Williamson v. Tucker*, 645 F.2d 404, 412-413 (5th Cir. 1981).

> When challenging subject matter jurisdiction under Rule 12(b)(1), a party can make either a facial attack or a factual attack. If the party merely brings a Rule 12(b)(1) motion, it is considered a facial attack, and the court looks only at the sufficiency of the allegations in the pleading, assuming them to be true. If the allegations are sufficient to allege jurisdiction, the court must deny the motion.

*Estate of Merkel v. United States*, 2008 WL 5378183, at *2 (N.D. Tex. Dec. 23, 2008) (Fitzwater, C.J.) (citations omitted), *appeal docketed*, No. 09-10203 (5th Cir. Mar. 10, 2009). Here, Hitchcock offers no supporting evidence to deny or controvert the complaint's

- 5 -

allegations of jurisdiction, but instead challenges the sufficiency of the complaint. The court will therefore treat Hitchcock's arguments as a facial attack.

B

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a)(1). According to Evanston's first amended complaint ("complaint"), Evanston is a citizen of Illinois, and all of the defendants are citizens of Texas. No party alleges defects in the complete diversity of the parties. Instead, Hitchcock argues that Evanston's complaint fails to meet the minimum-amount-in-controversy requirement. Hitchcock appears to base this argument on the fact that the County Court Lawsuit only seeks $1,000. Evanston's complaint makes clear, however, that the declaration of rights it seeks is also related to the County Court Lawsuit's third-party claims, which seek $150,000 in damages, and to the District Court Lawsuit, which seeks $1 million in damages. Further,

> [t]he amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented. When an insurer seeks a declaratory judgment regarding the coverage provided by an insurance policy, the object to the litigation is the policy and the value of the right to be protected is plaintiff's potential liability under that policy.

- 6 -

*St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (quotation marks and citations omitted). Evanston's potential liability under the Policy exceeds $75,000. Therefore, Evanston's complaint meets the minimum-amount-in-controversy requirement, and the court concludes that it has subject matter jurisdiction.

C

Hitchcock contends that the court lacks subject matter jurisdiction under *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667 (1950). He maintains that the claims on which Evanston seeks a declaratory judgment in this court arise only as affirmative defenses in the state court cases. Under *Skelly*, affirmative defenses in state court actions cannot create federal question jurisdiction in a federal declaratory judgment suit.

Hitchcock misunderstands the holding of *Skelly*, which deals exclusively with federal question subject matter jurisdiction. *Id*. at 672 (holding the Declaratory Judgment Act did not "impliedly repea[l] or modif[y]" the jurisdiction of the federal courts). In *Skelly* the declaratory judgment action's subject matter jurisdiction was premised solely upon the federal question presented as a defense to a state breach of contract action. *Id*. In fact, regarding the one defendant as to whom the court found complete diversity, *Skelly* held there was subject matter jurisdiction and proceeded to reach the merits. *Id*. at 674.

- 7 -

Because Evanston's claims meet the requirements for subject matter jurisdiction based on the diversity of citizenship, *Skelly* is inapposite.

### III

The court now turns to the Tonmar Parties' and Hitchcock's Rule 12(b)(6) motions to dismiss Evanston's breach of contract claim.

### A

As a threshold matter, the court considers Evanston's objection to the motions, which is based on Rule 12(d).

Rule 12(d) provides that, if in a motion to dismiss, "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment." "Motions filed under Fed. R. Civ. Pro. 12(b)(6) and 12(c) are designed to test the sufficiency of the pleadings, and courts do not consider materials outside those pleadings in deciding those motions." *In re Carmelita, Inc.*, 2009 WL 2356488, at *2 (S.D. Tex. July 29, 2009). Although courts cannot ordinarily consider materials outside the pleadings in deciding a motion to dismiss, courts may do so when those documents are central to the plaintiff's claims and are referred to in the plaintiff's complaint. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). "In so attaching [such materials], the defendant merely assists the plaintiff in establishing the basis of

the suit, and the court in making the elementary determination of whether a claim has been stated." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000).

The appendixes to the defendants' motions to dismiss contain the state court pleadings and Anthony's affidavit. Anthony's affidavit is already part of the pleadings in this case; it is attached to Evanston's complaint. The relevant documents included in defendants' appendixes are central to Evanston's complaint and the claim at issue. They are therefore properly considered in deciding defendants' motions to dismiss, and Evanston's objection is overruled.

B

Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." While "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" it demands more than "'labels and conclusions.'" *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). And "'a formulaic recitation of the elements of a cause of action will no do.'" *Id.* (quoting *Bell Atl.*, 550 U.S. at 555).

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he 'court accepts all well-pleaded facts as true viewing them in the light most favorable to the plaintiff.'" *In re*

- 9 -

*Katrina Canal Breaches Litig.*, 495 F.3d at 205 (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)).   To survive the motion, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face."   *Bell Atl.*, 550 U.S. at 570.   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."   *Ashcroft*, 129 S.Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."   *Id.; see also Bell Atl.*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]").   "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—that the pleader is entitled to relief."   *Ashcroft*, 129 S.Ct. at 1950 (quoting Rule 8(a)(2)) (alteration omitted).

C

Because the court's jurisdiction is based on diversity of citizenship, the court applies Texas choice-of-law rules, which in this case require the court to apply Texas law.   *See, e.g., Thomas v. N.A. Chase Manhattan Bank*, 994 F.2d 236, 241 (5th Cir. 1993); *see also Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938).   "While decisions of intermediate state appellate courts provide guidance,

they are not controlling.  If a state's highest court has not ruled on the issue in question, a federal court must determine, to the best of its ability, what the highest court of the state would decide." *United Teacher Assocs. Ins. Co. v. Union Labor Life Ins. Co.*, 414 F.3d 558, 565-66 (5th Cir. 2005) (citations omitted). "Federal courts in *Erie* cases apply existing law or predict what the state's supreme court will do.  They do not enlarge state law on their own initiative." *Sentry Ins. v. DFW Alliance Corp.*, 2007 WL 507047, at *9 (N.D. Tex. Feb. 16, 2007) (Fitzwater, J.).  This court's role is not to "create or modify state law, rather only to predict it." *Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 750 (5th Cir. 1995).

D

Evanston's breach of contract claim alleges that the Tonmar Parties breached the Policy's cooperation clause through Anthony's affidavit.  "The duty to cooperate with one's insurer with the investigation, settlement and/or defense of a lawsuit is one that has long been included as a standard in insurance contracts." *W. Am. Transp., LLC v. Morrow*, 2006 WL 2375615, at *11 (W.D. La. Aug. 15, 2006).  The Policy's cooperation clause states that Tonmar or "any other involved insured" must "[c]ooperate with [Evanston] in the investigation or settlement of the claim or defense against the 'suit.'"  Compl. 7-8.  Evanston alleges that Anthony's affidavit is an admission of liability and deprives Evanston of the

- 11 -

opportunity to assert any valid defense on Tonmar's behalf.  As the Tonmar Parties point out, however, Evanston does not assert that any part of the affidavit is not completely truthful.  Evanston merely avers that Anthony's admissions are prejudicial.  Further, Evanston makes no claim that the Tonmar Parties failed to cooperate in any other way.

As this court has recognized before, Texas courts have never recognized a breach of contract action based on the breach of a cooperation clause in an insurance contract.  *See Phila. Indem. Ins. Co. v. Stebbins Five Cos.*, 2002 WL 31875596, at *6 (N.D. Tex. Dec. 20, 2002) (Lynn, J.) (Texas law).  In *Philadelphia Indemnity* Judge Lynn explained that a breach of a cooperation clause in an insurance contract "relieves an insurer of liability on the policy," but she found "no case in which an insurer bases a breach of contract action upon an insured's breach of a cooperation clause." *Id.* at *5-*6.  Judge Lynn held that "such a breach does not create an affirmative cause of action and that [the plaintiff insurance company's] contract theory does not state a claim upon which relief can be granted." *Id.* at *6.  Applying *Philadelphia Indemnity* to the present case, the court holds that Texas law does not recognize Evanston's breach of contract claim based on the alleged breach of the Policy's cooperation clause, and it dismisses the claim under Rule 12(b)(6).

IV

The court now considers the Tonmar Parties' motion to dismiss based on the federal abstention doctrine. Because the court has dismissed Evanston's breach of contract claim, it need only decide whether it should abstain from deciding Evanston's request for a declaratory judgment.

A

Federal courts have broad discretion to grant or refuse declaratory judgment. *Torch, Inc. v. LeBlanc*, 947 F.2d 193, 194 (5th Cir. 1991). "Since its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995). It gives federal courts the competence to declare rights, but it does not impose a duty to do so. *See Public Affairs Assocs., Inc. v. Rickover*, 369 U.S. 111, 112 (1962) (per curiam). Although "the district court's discretion is broad, it is not unfettered." *Travelers Ins. Co. v. La. Farm Bureau Fed'n, Inc.*, 996 F.2d 774, 778 (5th Cir. 1993). The court cannot dismiss a declaratory judgment action "'on the basis of whim or personal disinclination.'" *Id.* (quoting *Rowan Cos. v. Griffin*, 876 F.2d 26, 28-29 (5th Cir. 1989)).

When considering whether to dismiss a declaratory judgment action while parallel state court proceedings are pending, a

- 13 -

district court must "ascertain whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court." *Brillhart*, 316 U.S. at 495.   There are three key aspects of this analysis—fairness, federalism, and efficiency—that are guided by several nonexclusive factors. *See Sherwin-Williams Co. v. Holmes County*, 343 F.3d 383, 388, 390-92 (5th Cir. 2003) (interpreting factors set out in *St. Paul Ins. Co. v. Trejo*, 39 F.3d 585 (5th Cir. 1994)).   These factors are:

> (1) whether there is a pending state action in which all of the matters in controversy may be fully litigated;
> (2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;
> (3) whether the plaintiff engaged in forum shopping in bringing the suit;
> (4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist;
> (5) whether the federal court is a convenient forum for the parties and the witnesses;
> (6) whether retaining the lawsuit would serve the purposes of judicial economy;
> (7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

*Id.* at 388 (quoting *St. Paul Ins.*, 39 F.3d at 590-91).

B

1

Regarding the first factor, the court holds that there is a pending state court action—the County Court Lawsuit—in which all matters in this declaratory judgment action may be fully litigated. All of the parties to this suit are parties to the County Court Lawsuit. The County Court Lawsuit arises from the same dispute and the same insurance policy, and it concerns the same parties. There are no federal-law issues in the present suit. Evanston's complaint seeks a declaratory judgment on the issues of whether the Policy covers Tonmar in relation to Hitchcock's injury, whether Evanston has a duty to defend or indemnify the Tonmar Parties, and whether Evanston has a duty to pay Hitchcock under that policy. All of the material issues regarding these questions can be resolved in the County Court Lawsuit.[3]  Furthermore, because the issues are all matters of state law, principles of comity and federalism favor their resolution by Texas courts.

Evanston argues the actions are not parallel because the

---

[3]Although this court has recently outlined its opinion of the propriety of "third-party beneficiaries" suing insurance companies directly to establish duties to defend and indemnify, *see Klein v. O'Neal, Inc.*, 2009 WL 3573849 (N.D. Tex. Oct. 30, 2009) (Fitzwater, C.J.), the court need not reach or consider the merits of the County Court Lawsuit in evaluating the abstention factors. *See, e.g., Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 714 (1996) ("[The decision to abstain] conclusively determines an issue that is separate from the merits, namely, the question whether the federal court should decline to exercise its jurisdiction in the interest of comity and federalism.").

- 15 -

County Court Lawsuit only involves the duty to indemnify and not the duty to defend the District Court Lawsuit. But Evanston has not established that it is precluded from litigating in the County Court Lawsuit the question whether it has a duty to defend the Tonmar Parties in the District Court Lawsuit.[4] Therefore, there is a pending state action in which all of the matters in controversy may be fully litigated.

2

As to the second and third factors, the Fifth Circuit has clarified that they address "improper and abusive" litigation practices, and that "[m]erely filing a declaratory judgment action in a federal court with jurisdiction to hear it, in anticipation of state court litigation is not in itself improper." *Id.* at 391. Here, Evanston filed the instant lawsuit *after* the County Court Lawsuit and the District Court Lawsuit were filed. And although the parties dispute whether Evanston is attempting to circumvent the removal time limit for the County Court Lawsuit by a new declaratory judgment action in this court, the court is unable to conclude that Evanston is engaging in forum shopping. These factors weigh against dismissal.

---

[4]Indeed, even under the court's opinion in *Klein*, it recognizes that an insurer can bring an action in Texas state court seeking a declaratory judgment that it has no duty to defend. *See Klein*, 2009 WL 3573849, at *4.

3

The fourth and fifth factors consider possible inequities in allowing Evanston to gain precedence in time or to change forums, and whether this court is a convenient forum for the parties and the witnesses. These weigh against dismissal. Evanston will not gain precedence if this case continues, and this court is a convenient forum.

4

Considering judicial economy under the sixth factor, the court finds this federal litigation unduly burdensome on top of the County Court Lawsuit. Extensive proceedings have been completed in the County Court Lawsuit, and additional proceedings in this court would be duplicative. The only issues in the present case are state-law issues, and they are best resolved by the county court that is already considering the disputes among these parties. It is a waste of judicial resources to litigate a federal declaratory judgment action involving only issues of state law that are already being litigated in the County Court Lawsuit.

5

The seventh factor weighs against dismissal. The court is not being asked to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

6

Having considered the issues of fairness, federalism, and efficiency, and guided by the seven nonexclusive factors *in toto*, the court concludes that the questions in controversy in this suit can be better settled in the County Court Lawsuit. The County Court Lawsuit, which was filed first, is a suit in which all matters in this declaratory judgment action may be fully litigated. The parties to this suit are also parties to the County Court Lawsuit. The County Court Lawsuit arises from the same dispute and the same insurance policy, and it concerns the same parties. It presents (or can present, if Evanston adds the duty to defend) all relevant issues, which are matters of Texas law that are best resolved by a Texas county court. Principles of federalism, conservation of judicial resources, and the efficiency of dispute resolution between the parties favor the dismissal of this lawsuit, which is in all material respects duplicative of the County Court Lawsuit. The court therefore grants the Tonmar Parties' motion to dismiss under the federal abstention doctrine.[5]

---

[5]Although Hitchcock did not move to dismiss on this basis, the court is dismissing Evanston's declaratory judgment action against all parties so that the Texas county court may resolve all of the issues raised by Evanston's claims.

V

Finally, the court turns to defendants' requests for sanctions under 28 U.S.C. § 1927. These requests are denied.

Section 1927 provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Punishment of counsel under § 1927 is to be sparingly applied. *See FDIC v. Calhoun*, 34 F.3d 1291, 1297 (5th Cir. 1994). To impose sanctions, the district court must find that the sanctioned attorney multiplied the proceedings both "unreasonably" and "vexatiously." *Procter & Gamble Co. v. Amway Corp.*, 280 F.3d 519, 525 (5th Cir. 2002). This requires "evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court." *Edwards v. Gen. Motors Corp.*, 153 F.3d 242, 246 (5th Cir. 1998). Section 1927 only authorizes shifting fees that are associated with "the persistent prosecution of a meritless claim." *Browning v. Kramer*, 931 F.2d 340, 345 (5th Cir. 1991) (quoting *Thomas v. Capital Sec. Serv., Inc.*, 836 F.2d 866, 875 (5th Cir. 1988)). Sanctions may not be imposed for mere negligence on the part of counsel. *Baulch v. Johns*, 70 F.3d 813, 817 (5th Cir. 1995). Because of the punitive nature of § 1927, the statute is strictly construed. *Id.*

> To shift the entire cost of defense, the
> claimant must prove, by clear and convincing
> evidence, that *every facet* of the litigation
> was patently meritless, . . . and counsel must
> have lacked a reason to file the suit and must
> wrongfully have persisted in its prosecution
> through discovery, pre-trial motions, and
> trial[.]

*Procter & Gamble*, 280 F.3d at 526 (emphasis in original; citations omitted).

Defendants have not made the required showing under the relevant standards.    Their requests for § 1927 sanctions are denied.

*          *          *

The court grants defendants' motions to dismiss Evanston's breach of contract claim for failure to state a claim upon which relief can be granted.   In the exercise of its discretion, the court grants the Tonmar Parties' motion to dismiss based on the federal abstention doctrine.   By judgment filed today, the court dismisses Evanston's breach of contract claim with prejudice[6] and

---

[6]As the court recently explained in *Klein*, where it is clear that the defect in the plaintiff's complaint is incurable, the court will dismiss without affording the plaintiff an opportunity to cure the pleading deficiency by amended pleading.   *Klein*, 2009 WL 3573849, at *8-*9.   Here, the defect is incurable because Texas does not recognize a breach of contract claim of the type Evanston seeks to assert.   Evanston cannot cure this deficiency by amended pleading.

dismisses the balance of this lawsuit without prejudice.

**SO ORDERED.**

November 5, 2009.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE